UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jaime D.B.,

    Petitioner,

v.

David Easterwood, et al.,

    Respondents.

Case No. 26-cv-891 (MJD/DTS)

**REPORT AND RECOMMENDATION**

---

### Introduction

After being detained by Immigration and Customs Enforcement (ICE), Petitioner Jaime D.B. petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jaime D.B. alleges that his detention notwithstanding an unrevoked grant of deferred action violates his procedural and substantive Fifth Amendment due-process rights. He also claims that his warrantless arrest was unlawful. For the reasons stated below, the Court recommends granting the petition.

### Background

Petitioner Jaime D.B. is an El Salvadorian citizen who has resided in the United States since 2015. Pet. ¶¶ 4, 33–34, Dkt. No. 1. In 2016, his wife was the victim of a felonious assault. *Id.* ¶ 35. The Burnsville City Attorney signed a certification attesting to the fact that Jaime D.B.'s wife and her family helped in the investigation. *Id.* ¶ 36. In November 2018, the family applied for a U Visa, an application which remains pending to

this day. *Id.*[1] In November 2023, U.S. Citizenship and Immigration Services (USCIS) granted deferred action for Jaime D.B. and his family. *Id.* ¶ 37. Jaime D.B. then applied for and received employment authorization, which remains valid through November 15, 2027. *Id.* ¶ 39. Jaime D.B. was taken into custody outside his home on January 30, 2026. *Id.* ¶ 40. Nothing in the record indicates that USCIS has revoked Jaime D.B.'s grant of deferred action.

Jaime D.B. challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 17. In Count I, Jaime D.B. claims that his detention notwithstanding the grant of deferred action violates the due process protections of the Fifth Amendment. *Id.* ¶¶ 42–52. In Count II, Jaime D.B. argues that his detention violates his Fifth Amendment due process rights. *Id.* ¶¶ 53–60. In Count III, Jaime D.B. contends that his detention and warrantless arrest violate the Fourth Amendment and 8 U.S.C. § 1357(a)(2). *Id.* ¶¶ 61–69.

## Analysis

### I.   Legal Standard

"A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States." *Aditya W. H. v. Trump,* 782 F. Supp. 3d 691, 702 (D. Minn. 2025) (citing 28 U.S.C. § 2241(c)(3)). The right to file a writ of habeas corpus "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020). "The burden is on the petitioner to prove illegal detention by a

---

[1] A thorough summary of the U-visa legal framework can be found in *Domingo M.M. v. Shea*. Order Dismissing Habeas Petition, *Domingo M.M. v. Shea*, No. 25-cv-2830 (D. Minn. Aug. 1, 2025), Dkt. No. 24 at 2–5. That framework is incorporated by reference.

2

preponderance of the evidence." *Jose J.O.E. v. Bondi*, No. 25-cv-3051, 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W. H.*, 782 F. Supp. 3d at 703).

## II.     Jurisdiction

Jurisdiction refers to the court's statutory or constitutional power to adjudicate a case. *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024) "[J]urisdiction is a threshold question" that must be answered before the Court reaches the merits. *Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010). Although the Government did not raise a jurisdictional challenge in its response to Jaime D.B.'s habeas petition, this Court must raise the issue *sua sponte*. *Thigulla*, 94 F.4th at 773.

8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." In *Domingo M.M. v. Shea*, a court in this District concluded that § 1252(g) deprived the court of jurisdiction to hear a similar habeas petition because "[n]o matter how [petitioner] frames it, his challenge is to the Secretary of Homeland Security's exercise of her discretion to execute his removal order, which this Court lacks jurisdiction to review." Order Dismissing Habeas Petition, *Domingo M.M. v. Shea*, No. 25-cv-2830 (D. Minn. Aug. 1, 2025), Dkt. No. 24 at 21. This case is different because there is no evidence in the record that Jaime D.B. is subject to a removal order.[2] Jaime D.B.

---

[2] The Court directed the parties to provide supplemental briefing on this issue. Jaime D.B. responded that "he has not been served with a warrant for his arrest or a removal order confirming that he is being detained under 8 U.S.C. § 1231(a)(6)." Dkt. No. 9 at 2. Moreover, "the initiation of removal proceedings under 8 U.S.C. § 1229(a) and the allegations made in the NTA indicate that he is in fact not being detained under 8 U.S.C. § 1231(a)(6)." *Id.* at 3. The Government failed to respond. *See generally* Docket.

cannot be challenging the Government's decision to execute a removal order if there is no removal order. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 968–69 (D. Minn. 2025).

### III.  Merits

Therefore, the Court proceeds to the merits. The fighting issue here is whether the Government can detain and deport Jaime D.B. notwithstanding an unrevoked grant of deferred action. The Court agrees with "an ever-growing number of district courts across the country . . . that an unrevoked grant of deferred action prevents removal." *Victor G. v. Lyons*, No. 26-cv-119, 2026 WL 127733, at *2 (D. Minn. Jan. 17, 2026) (quoting *Nevarez Jurado v. Freden*, No. 25-cv-943, 2025 WL 3687264, at *8 (W.D.N.Y. Dec. 19, 2025)); *see also Marcos L. v. Noem*, No. 26-cv-676, 2026 WL 327953 (D. Minn. Feb. 3, 2026), *R. & R. adopted by* 2026 WL 331418 (D. Minn. Feb. 8, 2026). As the court explained in *Victor G.*,

> While it is true that a petitioner "may be removed from the waiting list, and the deferred action or parole may be terminated at the discretion of USCIS." 8 C.F.R. § 214.14(d)(3), Respondents here have not provided any legal authority to support that Victor's arrest in an immigration sweep was an act of their discretion *on Victor's U-visa application or deferred action*, nor have they provided any facts supporting that any circumstances have changed since less than two months ago when he was granted deferred action. Respondents provide no facts indicating that Victor's employment authorization was revoked, that his deferred action was terminated, or that a determination was made that the employment authorization or deferred action were "no longer warranted or were granted in error." *See* ECF No. 1-1 at 8 (notifying Victor that USCIS "reserve[d] the right to revoke [his] employment authorization and terminate the grant of deferred action at any time if it determines they are no longer warranted or were granted in error."). . . . There are simply no factual allegations to support that Respondents revoked

4

>Victor's deferred action, and as such, no basis for his detention.

*Victor G. v. Lyons*, 2026 WL 127733, at *2. Here, as in *Victor G.* and *Marcos L.*, the Government has provided no facts indicating that Jaime D.B.'s grant of deferred action was terminated. *See generally* Dkt. No. 6. Although no doubt the Government has broad discretion to revoke a grant of deferred action—after all, deferred action is nothing more than an act of prosecutorial discretion—it nonetheless must actually revoke said grant before detaining and removing a noncitizen.[3] *Victor G. v. Lyons*, 2026 WL 127733, at *2; *Marcos L.*, 2026 WL 327953, at *3.

The Government also failed to respond to Jaime D.B.'s claim that his warrantless arrest was unlawful, *see generally* Dkt. No. 6, a claim that is far from frivolous, *See, e.g.*, *A.B.D. v. Wamsley*, No. 6:25-cv-02014, 2026 WL 178306, at *11–13 (D. Or. Jan. 22, 2026) (granting a habeas petition because the Government unlawfully arrested a noncitizen without a warrant). *Cf. Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-cv-3417, 2025 WL 3465518, at *13 (D.D.C. Dec. 2, 2025) ("Generally, officers making civil immigration arrests must have an administrative warrant."). By failing to respond, the Government waived any challenge to this claim. *See Juan M. v. Bondi*, No. 26-cv-266, 2026 WL 129059, at *1–2 (D. Minn. Jan. 17, 2026). Jaime D.B.'s unlawful, warrantless arrest thus provides an alternative basis to grant his habeas petition.

---

[3] There is reason to believe that the Government's discretion to revoke a grant of deferred action, although broad, is not entirely unfettered. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 17–18 (2020) (rejecting the argument that Deferred Action for Childhood Arrivals was unreviewable because it was committed to the Government's absolute discretion).

5

What remains is deciding the appropriate remedy. *Victor G.* and *Marcos L.* both found release to be the appropriate remedy, reasoning that the USCIS had already determined that the petitioner did not pose a public safety risk by virtue of its Bona Fide Determination and grant of deferred action. *Victor G.*, 2026 WL 127733, at *3; *Marcos L.*, 2026 WL 327953, at *3. The Court agrees and recommends that the Government be ordered to release Jaime D.B.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Petitioner Jaime D.B.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;

2. The Government be ordered to immediately released from detention into Minnesota, and that the Government be ordered to return any documents, property, or effects seized during his arrest;

3. The Government be ordered to provide a status report to the Court within three days; and

4. Jaime D.B. be permitted to move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Dated: February 25, 2026                s/ David T. Schultz
                                        DAVID T. SCHULTZ
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under the circumstances of this case and Local Rule 72.2(b)(1), the parties may file and serve specific written objections to this magistrate judge's proposed findings and recommendations **within 3 days** of the filing of the Report and Recommendation. A party may respond to those objections **within 3 days** after being served a copy of the objections without regard to weekends or holidays. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).